UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ARLENE SMITH**,

     Plaintiff,

v.                                                        Case No. 8:23-cv-520-WFJ-JSS

**HOME DEPOT U.S.A., INC.**,

     Defendant.

_____/

## ORDER

Before the Court is Plaintiff Arlene Smith's Motion for Remand (Dkt. 12). Defendant Home Depot U.S.A., Inc. ("Home Depot") has not responded, rendering Ms. Smith's Motion unopposed. Local Rule 3.01(c). Upon careful consideration, the Court denies Ms. Smith's Motion and declines to remand this case to state court.

## BACKGROUND

On November 28, 2020, Ms. Smith was shopping at the Home Depot retail store located at 8815 North Florida Avenue in Tampa, Florida (the "Store"). Dkt. 1-7 at 2. While shopping, Ms. Smith allegedly "tripped and fell over a gallon size paint can[.]" *Id.* Ms. Smith claims that she "sustained significant personal injuries" as a result. *Id.* at 4.

On January 6, 2023, Ms. Smith filed suit against Home Depot and Store Manager "John Doe" in the Circuit Court of the Thirteenth Judicial Circuit in and

for Hillsborough County, Florida. *Id.* at 1. Ms. Smith's state court complaint alleges two counts: negligence against Home Depot (Count I); and negligence against John Doe (Count II). *Id.* at 3–7. Ms. Smith seeks damages in excess of $50,000. *Id.* at 1.

On March 8, 2023, Home Depot removed Ms. Smith's case to this Court pursuant to 28 U.S.C. § 1441 and § 1332(a). Dkt. 1. Home Depot argues that Ms. Smith fraudulently joined John Doe and that, absent his fraudulent joinder, complete diversity exists under § 1332(a). *Id.* at 2–7. Home Depot therefore maintains that removal is appropriate pursuant to § 1441.

On April 11, 2023, Ms. Smith filed her Motion for Remand. Dkt. 12. Ms. Smith denies that she fraudulently joined John Doe and maintains that John Doe is a Florida resident like her. *Id.* at 2. Ms. Smith consequently avers that complete diversity does not exist under § 1332(a) and that remand is appropriate. *Id.* at 3. Ms. Smith also requests attorney's fees incurred as a result of Home Depot's removal pursuant to 28 U.S.C. § 1447(c). *Id.*

## LEGAL STANDARD

United States District Courts have jurisdiction over cases where the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* § 1332(a). A state court defendant may remove any case in which a federal district court would have had original jurisdiction. *See* § 1441(b). In removal cases, "the burden is on the party who sought removal to demonstrate [by a preponderance of

the evidence] that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 (11th Cir. 2001).

For diversity purposes, a corporation is a citizen of (1) its state of incorporation and (2) the state where it has its principal place of business. § 1332(c)(1). An individual's citizenship is equivalent to his or her domicile, which is the place of his or her "true, fixed, and permanent home[.]" *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (citation omitted). "In determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." *Smith v. Comcast Corp.*, 786 F. App'x 935, 939 (11th Cir. 2019) (alteration in original) (citing § 1441(b)(1)).

## DISCUSSION

Absent John Doe, whose citizenship must be disregarded for purposes of determining whether this civil action is removable on the basis of diversity jurisdiction, there is no dispute that complete diversity exists.[1] Home Depot is a foreign corporation organized under the laws of the state of Delaware. Dkt. 1 at 3. Home Depot's principal place of business is in Atlanta, Georgia. *Id.* Consequently, Home Depot *is not* a Florida citizen. Ms. Smith, on the other hand, resides in

---

[1] *See Smith*, 786 F. App'x at 939 (finding that "[e]ven if 'the fictitious defendants were likely' not diverse, their citizenship must 'be disregarded for purposes of diversity jurisdiction'").

Hillsborough County, Florida. Dkt. 1-7 at 1. She does not claim that another state is her permanent residence or suggest that she plans to return elsewhere. Ms. Smith's Motion to Remand rests entirely on the notion that she, like John Doe, is a Florida citizen. Ms. Smith therefore *is* a Florida citizen and complete diversity exists between Ms. Smith and Home Depot.

It is also worth noting that Ms. Smith in no way disputes that the $75,000 amount in controversy requirement for diversity jurisdiction is met. Ms. Smith's hospital bills from Tampa Bay Emergency Physicians, LLC alone total over $100,000. Dkt. 1-4 at 1.

## CONCLUSION

Home Depot has shown by a preponderance of the evidence that complete diversity exists and that the amount in controversy exceeds $75,000.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Ms. Smith's Motion for Remand (Dkt. 12) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on April 28, 2023.

> */s/ William F. Jung*
> **WILLIAM F. JUNG**
> **UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record

4